EDGAR SCHRAMM ET AL. V. MARY F. GENTRY.

(Case No. 5492.)

1. CITATION.— If a citation sets forth plainly the nature of the complaint and the relief sought, the requirements of the statute are satisfied.
2. RETURN.— If the return on a citation shows that the officer served two defendants by delivering to them in person a true copy of the writ, but does not show that he delivered a copy to *each*, as required by act (1219, R. S.), the return shows an imperfect service.

ERROR from Comal. Tried below before the Hon. Thos. M. Paschal.

This was a suit in trespass to try title brought by Mary F. Gentry and her husband, Abraham M. Gentry, on the 26th day of August, 1882, against Edgar Schramm, Herman Riedel, A. Ditmar, George H. Schmitt and Ernst Gruene, Jr. The land sued for was situated in New Braunfels, Comal county, Texas.

The defendants George H. Schmitt and Ernst Gruene, Jr., filed no answer, and made no appearance, and judgment by default was taken against them, and on November 21, 1884, they filed assignment of errors.

*J. D. Guinn*, for plaintiffs in error, cited: R. S., 1219; McDowell *v.* Nicholson, Tex. Law Rev., vol. 4, No. 10, p. 156; Covingtons *v.* Burleson, 28 Tex., 368; Willis *v.* Bryan, 33 Tex., 429.

No briefs on file for defendant in error.

WILLIE, CHIEF JUSTICE.— The first assignment of error is not well taken. The statement of the nature of the plaintiffs' demand in the citation was full, and contained the substance of all the material averments of the petition. The character and object of the suit could not have been mistaken by the defendants, nor could they have been misled in making their defenses. They were informed of the nature of the complaint against them, and of the relief prayed for, and this satisfied the requirements of the statute. The return of the sheriff of Comal county upon the citation issued for Edgar Schramm, Ernst Gruene, Jr., and George H. Schmitt shows that he served the two last named defendants by delivering to them in person a true copy of the writ. It does not show that he delivered a copy to *each* of these defendants as required by art. 1219 of the Revised Statutes.

It has been heretofore held by this court that such a return shows

an imperfect service, and that a judgment rendered upon the return will be reversed.

Accordingly we hold that the judgment of the court below in the present case must, for this defect of service, be reversed and the cause remanded. Covingtons v. Burleson, 28 Tex., 371. See, also, McDowell v. Nicholson, 4 Tex. L. Rev., 156, decided by court of appeals.

                                        REVERSED AND REMANDED.

[Opinion delivered May 8, 1885.]