A. A. & W. H. HOLLIDAY V. A. G. STEELE.

(Case No. 2192)

1. CITATION—SHERIFF'S RETURN—DEFECTIVE SERVICE—The return upon the citation was as follows : " Came to hand on the 12th day of February, A. D. 1884, at 11 o'clock a. m., and executed the 18th day of February, A. D. 1884, by delivering to Mrs. A. A. Holliday and W. H. Holliday, the within named defendants, in person, a true copy of this writ." *Held:*
    (1) The service was insufficient ;
    (2) The fact that in the statement of the sheriff's costs, at the end of the transcript, fees for delivering two citations are charged, does not cure the defect in the return.
2. CASE FOLLOWED—The case of King *v.* Goodson (42 Tex. 153), cited and followed.

ERROR from Brazos. Tried below before the Hon. W. E. Collard.

*Spencer Ford,* for plaintiffs in error, that there had been no sufficient service upon the defendants, cited : R. S., 1219, King *v.* Goodson, 42 Tex. 153.

*A. C. Brietz,* for defendant in error.

ROBERTSON, ASSOCIATE JUSTICE.—The defendant in error recovered a judgment by default against the plaintiffs in error. The return upon the citation is in the following words : "Came to hand on the twelfth day of February, A. D. 1884, at 11 o'clock a. m., and executed the eighteenth day of February, A. D. 1884, by delivering to

Mrs. A. A. Holliday and W. H. Holliday, the within named defendants, in person, a true copy of this writ.'' This language is almost identical with that of the return held to be insufficient in the case of King *v.* Goodson, 42 Tex. 153, and, on that authority, the service must be held to be bad. In the statement of the sheriff's costs, at the end of the transcript, fees for delivering two citations are charged, but we do not think this cures the defect in the return. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered January 29, 1886.]