Adopted January 13, 1891.

---

PAULINE DOZIER AND HUSBAND v. EUGENE PILLOT.

No. 2875.

**1. Conversion of Personalty—Refusal to Restore it.**—When property of one person is held by another who refuses to surrender it, it is to be presumed that the owner can not regain possession without incurring the danger of a breach of the peace. He may act upon this presumption. The refusal of the holder to surrender the property is evidence at least of a conversion of it.

**2. Same.**—So if the property be in the house of another the owner can not repossess himself of it against such other's will without committing a trespass, and hence a refusal of consent may be deemed a conversion.

**3. Case in Judgment.** — The Doziers mortgaged a quantity of saloon fixtures to Pillot to secure a note of the husband Dozier to Pillot, expressly retaining possession of them. The fixtures were in a house owned by Pillot and leased from month to month to Dozier. Dozier leased the mortgaged property to Wolfe & Gentry for twelve months, and procured a lease to them of the room from Pillot. Before the lease ended Wolfe & Gentry sold their lease for the room to Kendall & Jones, who closed up the room. Wolfe & Gentry notified Dozier that they had abandoned the furniture, whereupon Dozier desired to move it to another stand. That request was refused by Pillot. After maturity of the note the property was sold under the mortgage at an alleged sacrifice. Dozier and wife suing Pillot for the conversion of the mortgaged property, *held*, that the testimony did not sustain the action, as the possession was in Kendall & Jones.

ERROR from Harris. Tried below before Hon. James Masterson. The opinion states the case.

*E. P. Turner*, for plaintiffs in error.— Conversion is complete if possession or control is wrongfully withheld, and they need not be actual; constructive is sufficient. 41 Texas, 450; 2 Ct. App. C. C., secs. 249, 250, 251; 2 Greenl. on Ev., 13 ed., secs. 636, 642; 5 N. H., 225; 6 N. H., 247; Cool. on Torts., pp. 448, 449; 6 Wait's Act. and Def., pp. 167, 168, and cases cited.

*F. A. Schaefer* and *E. P. Hamblen,* for defendant in error.— Under the facts of this case the jury could not properly have returned any other verdict, and the judgment thereon is conclusive.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by appellants, as husband and wife, to recover of appellee damages for the alleged conversion by him of certain personal property belonging to the wife.

The facts, as disclosed by the evidence upon the trial, were that on the 5th of February, 1886, Pauline Dozier, joined by her husband, executed a deed of trust upon the property to secure Pillot in payment of a promissory note for $600 and interest, executed the same day and due one year after date. The trustee was empowered to sell upon default; but the mortgage provided that until default the mortgagors should have the possession, use, and control of the mortgaged property. The property consisted of certain bar furniture and fixtures, and was at the time the mortgage was executed in a certain room belonging to Pillot, which the appellant John Dozier was holding under a lease from month to month. In May, 1886, Dozier leased the mortgaged property to Wolfe & Gentry for the term of one year, and by his procurement Pillot leased them the room in which it was situated. On September 15, 1886, Wolfe & Gentry "sold out the stand" to Kendall & Jones and moved to another house, leaving the bar furniture and fixtures as they were when they took possession. Wolfe & Gentry notified Dozier that they had abandoned the property,

since they could not pay the hire agreed upon, and Kendall & Jones informed him that they had bought the lease of the room and had closed it up in order to get rid of the competition, and that they had no use for the furniture. Such being the state of affairs, Dozier, according to his version of the transaction, demanded of Pillot the privilege of moving the property to a saloon on another street, and Pillot refused to give him permission to do so unless he would give a bond with sureties conditioned to pay the note when it fell due, or else would pay the note then, he agreeing to waive the interest. This Dozier declined to do. Pillot's version of the affair is different in some respects, but he admits that he refused to consent for Dozier to move the property. The note not having been paid at maturity, the mortgaged chattels were sold by the trustee and brought only $15 over the debt, interest, and expenses of the sale. There was testimony tending to show that the property was worth largely more than the sum for which it was sold.

The appellants base their claim of a conversion of the property and for a recovery of damages upon appellee's refusal to consent to its removal. We are of opinion that the evidence, taken in its most favorable aspect, does not show a conversion. If Pillot had had possession of the furniture and fixtures the case would have been different.

When the property of one person is held by another who refuses to deliver, it is to be presumed that the owner can not regain possession without incurring the danger of a breach of the peace. He may act upon this presumption, and is not required to make the attempt. Hence the refusal of the holder is evidence at least of a conversion. Randolph v. Burleigh, 5 N. H., 225. So if the property be in the house of another, the owner can not repossess himself of it against such other's will without committing a trespass, and hence a refusal to deliver may be deemed a conversion. But in this case the room in which the property was placed was leased to Kendall & Jones, and was as absolutely under their control as if they held it by fee simple title. Their refusal to permit Dozier to enter to retake his property he could not have disregarded without a violation of law. During the continuance of the lease Pillot had no control over it so far as the testimony discloses, and his refusal Dozier was not bound to respect. We have examined the authorities cited by appellants' counsel, and none of them are in conflict with the principles here announced.

It is unnecessary to consider in detail the assignments of error. The evidence viewed in the most favorable light for the plaintiffs did not warrant a recovery. No other verdict except one for the defendant could have been properly returned under the testimony, and it is immaterial whether the charge of the court was in all respects correct or not.

The judgment is affirmed.

*Affirmed.*

Delivered January 13, 1891.