## JOHN DUKE ET AL. v. W. F. SPILLER ET AL.

Decided June 4, 1908.

**1.—Citation—Omission of File Number.**

A citation which fails to state the file number of the suit in the body of the citation will not support a judgment by default, and the fact that the file number is written on the back of the citation is not a compliance with the requirement of the statute that the citation shall state the file number of the suit.

**2.—Same—Defective Return.**

The sheriff's return upon a citation stated that the writ was executed "by delivering to J. H. D., Mrs. L. C. D., the within named defendants, in person, a true copy of this writ." Held to show that but one copy of the writ was delivered to both defendants. The fact that the officer's bill for fees endorsed on a writ contained a charge for serving two copies of the writ, did not cure the defect.

Error from the District Court of Montgomery County. Tried below before Hon. L. B. Hightower.

*Nugent & Foster,* for plaintiffs in error.—When the record of a case fails to show an answer—that is, actual appearance—of the defendants, the appellate court must look to the service had upon them, and if strict compliance with articles 1214 and 1225, of Revised Statutes be not shown, the presumption of jurisdiction of the trial court, arising from

recitals in the judgment, is overthrown, and its judgment must be reversed. Art. 1214, Rev. Stats. of 1895; Durham v. Betterton, 79 Texas, 223; Pruitt v. State, 92 Texas, 434; Houston, E. & W. T. Ry. v. Erving, 2 App. Civ. Cases, 122; Kirk v. Hampton, 2 App. Civ. Cases, 719.

When there are more defendants than one, and the citation commands the sheriff to deliver to each a copy thereof, and a default judgment is taken against all, it must appear from the sheriff's return that each defendant received a copy of the writ. Art. 1225, Rev. Stats.; Mahan v. McManus, 19 Texas Ct. Rep., 490; Holliday v. Steele, 65 Texas, 388; Swilley v. Reliance Lbr. Co., 46 S. W., 387-8; Chamblee v. Hufsmith, 44 S. W., 616; King v. Goodson, 42 Texas, 152.

*Hill, Williams & Elkins* and *S. A. Crawford*, for defendant in error. —Where a judgment recites that the defendants were duly and legally cited, as by law required, said recital can not be impeached even in a direct proceeding, by merely showing a defective citation and a defective return thereon found among the papers in the clerk's office, but the record must go further and must affirmatively exclude the idea of a legal service.

PLEASANTS, CHIEF JUSTICE.—This is an action of trespass to try title brought by the defendants in error against the plaintiffs in error to recover four tracts of land in Montgomery County. The petition was filed in the court below on December 17, 1906, and defendants having failed to answer at the next ensuing term of court, judgment was rendered against them by default.

Under appropriate assignments of error plaintiffs in error assail this judgment on the ground that the citation issued and served upon them and the return thereon were insufficient in law to authorize the court below to render a default judgment against them. The objection to the citation is that it fails to state the file number of the suit. The return on the citation is objected to because it fails to show with certainty that the citation was served upon defendants ten days before the first day of the term of court, and fails to show that a copy of the citation was delivered to each of the defendants.

The body of the citation upon which the judgment was rendered does not state the file number of the suit as required by article 1214 of the Revised Statutes. Upon the back of the citation there is an endorsement signed by the clerk which shows the style and file number of the suit and the date of the issuance of the citation. It is well settled that a judgment by default is not authorized unless the citation served upon the defendant contains all that is required by the article of the statute above cited.

One of the requirements of the statute is that a citation shall state the file number of the suit, and a citation which does not comply with this requirement is not sufficient to sustain a judgment by default. The endorsement made by the clerk upon the back of the citation in this case showing the file number and date of issuance is not a necessary part of the citation, and it can not be presumed that these endorsements were shown on the copy of the citation served upon the defendants. Durham v. Betterton, 79 Texas, 223; Pruit v. State, 92 Texas, 434.

We think the return upon the citation shows that it was executed on the 3d day of January, 1907, and as the term of the court did not begin until January 14th the citation was served ten days before the beginning of the term. In inserting the date of service in the return it appears that the officer first wrote the figure 4, but it clearly appears that the figure 3 was thereafter written over the figure 4 and there is no uncertainty as to the date of service shown by the return.

The second objection to the return must be sustained. The statute requires that each of the defendants in a suit against two or more defendants shall be served with a copy of the citation, and a return on a citation which fails to show a compliance with this provision of the statute fails to show sufficient service to authorize a judgment by default. The return upon this citation states that the writ was executed "by delivering to J. H. Duke, Mrs. Lula C. Duke, the within named defendants, in person, a true copy of this writ." This return shows that but one copy of the writ was delivered to both defendants, and the service was therefore insufficient. The fact that the officer endorsed on the writ his bill for fees and the bill so endorsed contains a charge for serving two copies of the citation does not cure the defect in the return. This endorsement was not a part of the return proper and the inference of the service of two copies of the citation which might be indulged from the fact that the officer makes claim for fees for two copies can not supply the lack of the necessary affirmative statement in the return that each of the defendants were served with a copy of the citation. Holliday v. Steele, 65 Texas, 388; Mahan v. McManus, 19 Texas Ct. Rep., 490.

No sufficient service upon the defendants in the court below being shown by the record, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*