### LIPSCOMB v. WOOD COUNTY et al.* (No. 3111.)

(Court of Civil Appeals of Texas. Texarkana. Oct. 22, 1925.)

Process ⊜⟶134—Sheriff's return held sufficient as excluding inference that all defendants were served with only one copy of writ.

Sheriff's return "executed by delivering to the following named defendants in person a true copy of this citation, all of whom were served in Wood county at the following times and places," etc., held sufficient as showing that all defendants were served in person at different times, and excluding inference that all were served with only one copy.

Error from District Court, Wood County; J. R. Warren, Judge.

Suit by Wood County against G. W. Lipscomb and others. Judgment against named defendant, and he brings error. Affirmed.

A. H. Kirby, of Fort Worth, and A. J. Britton, of Quitman, for plaintiff in error.

Jones & Jones, of Mineola, Bozeman & Cathey, of Quitman, and Dan Moody, of Austin, for defendants in error.

HODGES, J. This suit was filed in September, 1923, by Wood county, against the Farmers' & Merchants' State Bank of Quitman, J. L. Chapman, commissioner of banking, T. L. L. Harris, G. W. Lipscomb, N. C. Harris, L. L. Lipscomb, and R. W. Low, to recover the sum of $65,000, the amount of an interest-bearing deposit placed in the bank by Wood county. The Lipscombs, Harris, and Low were sued upon the bond given to secure the payment of the deposit. In a trial before the court judgment was rendered against the bank and the commissioner, and a judgment by default against G. W. Lipscomb. The other sureties on the bond were dismissed from the suit on account of insolvency. Lipscomb alone has appealed, and the only attack made upon the judgment below is that the record does not show that the plaintiff in error was legally cited.

The sheriff's return is as follows:

"Came to hand the 5th day of September, 1923, at 10 o'clock a. m., and executed by delivering to the following named defendants in person a true copy of this citation, all of whom were served in Wood county at the following times and places: G. W. Lipscomb, 1923, September the 6th, 10:30 a. m., in Quitman, Texas; E. C. Harris, 1923, September the 6th, 11:00 a. m., in Quitman, Texas; L. L. Lipscomb, 1923, September the 6th, at 11:30 a. m., in Quitman, Texas. I actually and necessarily traveled —— miles in the service of this citation in addition to any other mileage I may have traveled in the service of other citations in the same case during the same trip.

"Fees serving three writs, $3.00. Total $3.00.

"[Signed] A. H. Jolley, Sheriff Wood County, Texas, by E. M. Horton, Deputy."

Counsel for plaintiff in error insists that the return does not show that G. W. Lipscomb was served in person with a copy of the writ. In support of that contention he refers to the following cases: Duke et al. v. Spiller et al., 111 S. W. 787, 51 Tex. Civ. App. 237; Kellam v. Trail (Tex. Civ. App.) 185 S. W. 988; Holliday v. Steele, 65 Tex. 388; Mahan v. McManus (Tex. Civ. App.) 102 S. W. 789; Russell v. Butler (Tex. Civ. App.) 71 S. W. 395; Rush v. Davenport (Tex. Civ. App.) 34 S. W. 380; Chamblee v. Hufsmith (Tex. Civ. App.) 44 S. W. 616; and authorities cited in above decisions.

A careful examination of those cases shows that they did not support plaintiff in error's contention. The return of the sheriff was, in each case, materially different from that here involved. The language of this return shows that "all of the defendants" were served in person, and that a writ was delivered to each of them at a different time. It clearly excludes the inference that all of them may have been served with only one copy of the writ.

The judgment will therefore be affirmed.