**ATKINSON v. LEONARD et al.   (No. 11623.)**

(Court of Civil Appeals of Texas.   Fort Worth.
Oct. 16, 1926.)

**1. Judgment ⬤⟳17(9).**

Citation, otherwise complying with statute, failing to state true file number, though containing same on back, would not support default judgment.

**2. Judgment ⬤⟳145(2).**

Where attack on default judgment is direct, motion to set aside judgment was not required to show that defendants had meritorious defense.

Appeal from Tarrant County Court; P. W. Seward, Judge.

Action by O. H. Atkinson against J. M. Leonard and another. From an order of the county court setting aside judgment by default previously rendered for plaintiff, plaintiff appeals. Affirmed.

W. L. Coley, of Fort Worth, for appellant.
Phillips, Brown & Morris, of Fort Worth, for appellees.

CONNER, C. J. [1] This appeal is from an order of the county court at law No. 1, setting aside a judgment by default previously

rendered in favor of appellant Atkinson against J. M. and O. P. Leonard. The record discloses that the plaintiff in the court below sued the Leonards to recover the alleged value of specified services rendered by him as an architect. The record also discloses that citation was issued by the proper clerk, and in all respects complied with the statutes, except that in the body of the citation the true file number of the suit was not stated. The correct file number of the suit was 23825, and was so noted on the back of the citation when folded. In the body of the citation, however, the file number of the suit was stated to be 23823. One of the requisites of a citation prescribed by our statutes is that the citation shall state "its file number," and, while the ruling may seem to be exceedingly technical, it has been uniformly held by our courts that a citation not complying with such requisite will not support a judgment by default. See Dozier v. Pillott, 79 Tex. 224, 14 S. W. 1027; Pruitt v. State, 92 Tex. 434, 49 S. W. 366; Duke v. Spiller, 51 Tex. Civ. App. 237, 111 S. W. 787; Crenshaw v. Hempel, 60 Tex. Civ. App. 385, 130 S. W. 731; Gutierrez v. Cuellar (Tex. Civ. App.) 236 S. W. 497.

Had the return of the sheriff, upon the citation shown, that the copies served upon the defendants had had indorsed on the back the true file number of the suit it might be said (though we find it unnecessary to now so decide) that the citation, considered as a whole, rendered it apparent that the misstatement in the body of the citation was a mere clerical error, in view of the facts that appellants made no claim of having been misled, and that the citation otherwise truly stated the court and term at which it was returnable, the names of the parties, and the nature of the plaintiff's cause of action. But the authorities we have cited, and by which we must be controlled, plainly hold that the indorsement on the back of the citation is no part of it, and neither the sheriff's return nor the record otherwise in the present suit shows that the indorsement on the back of the citation was in fact upon the copies served upon the defendants.

[2] The motion to set aside the judgment by default in this case contains no allegation that the defendants had a meritorious defense, and it is insisted that such a showing was necessary. But we do not understand that the rule invoked applies in cases where the attack upon the default judgment is, as here, direct. The rule applies only, we think, where the judgment by default is attacked in a collateral action, or in a proceeding to set aside the judgment in the nature of a new suit, and not where, as in this case, the action to set aside the judgment is on a direct application to the court before the end of the term or on appeal from the judgment.

We conclude that the judgment must be affirmed.

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes