## LIPSCOMB v. WOOD COUNTY et al.
(No. 714—4561.)

(Commission of Appeals of Texas, Section B. March 23, 1927.)

**Process ⚖134—Sheriff's return, showing all defendants were served, held to exclude inference that all were served with only one copy of writ.**

Sheriff's return, executed by delivering to named defendants in person a true copy of citation, all of whom were served, which showed that they were served at different hours, *held* sufficient as showing all defendants were served in person at different times and excluded inference that all were served with only one copy.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Suit by Wood County against G. W. Lipscomb and others. Judgment against the named defendant was affirmed by the Court of Civil Appeals (282 S. W. 278), and the named defendant brings error. Affirmed.

A. J. Britton, of Quitman, and A. H. Kirby, of Fort Worth, for plaintiff in error.

Jones & Jones, of Mineola, Bozeman & Cathey, of Quitman, and W. A. Keeling, of Austin, for defendants in error.

POWELL, P. J. The Court of Civil Appeals accurately states this case in the following language:

"This suit was filed in September, 1923, by Wood county against the Farmers' & Merchants' State Bank of Quitman, J. L. Chapman, commissioner of banking, T. L. L. Harris, G. W. Lipscomb, N. C. Harris, L. L. Lipscomb, and R. W. Low, to recover the sum of $65,000, the amount of an interest-bearing deposit plac-

ed in the bank by Wood county. The Lipscombs, Harris, and Low were sued upon the bond given to secure the payment of the deposit. In a trial before the court judgment was rendered against the bank and the commissioner, and a judgment by default against G. W. Lipscomb. The other sureties on the bond were dismissed from the suit on account of insolvency. Lipscomb alone has appealed, and the only attack made upon the judgment below is that the record does not show that the plaintiff in error was legally cited.

"The sheriff's return is as follows:

"'Came to hand the 5th day of September, 1923, at 10 o'clock a. m., and executed by delivering to the following named defendants, in person, a true copy of this citation, all of whom were served in Wood county at the following times and places: G. W. Lipscomb, 1923, September 6th, 10:30 a. m., in Quitman, Tex.; E. C. Harris, 1923, September 6th, 11 a. m., in Quitman, Tex.; L. L. Lipscomb, 1923, September 6th, at 11:30 a. m., in Quitman, Tex. I actually and necessarily traveled —— miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other citations in the same case during the same trip.

"'Fees serving three writs, $3. Total $3.

"'[Signed] A. H. Jolley, Sheriff, Wood County, Tex., by E. M. Horton, Deputy.'"

The Court of Civil Appeals affirmed the judgment of the district court. See 282 S. W. 278.

The Supreme Court granted a writ of error because the instant decision was alleged to be in conflict with the decisions we shall now review.

We quote from the opinion of Chief Justice Roberts, in the case of King v. Goodson, 42 Tex. 152:

"This is a judgment by default. The return of the sheriff is not strictly correct, being liable to the construction that one copy of the citation and petition was served on both defendants. The statute requires that the manner of the service should be plainly stated, and when this is done it will not require any intendment in its favor to help it out, as must be indulged in this case to hold the return to be sufficient. The return reads as follows: 'Came to hand September 30th, 1873, and executed same day by handing J. B. King and John A. Pierce, in person, a certified copy of plaintiffs' petition, together with a copy of this citation, this October 1st, A. D. 1873.'"

In the case of Holliday v. Steele, 65 Tex. 388, our Supreme Court spoke as follows:

"The defendant in error recovered a judgment by default against the plaintiffs in error. The return upon the citation is in the following words: 'Came to hand on the 12th day of February, A. D. 1884, at 11 o'clock a. m., and executed the 18th day of February, A. D. 1884, by delivering to Mrs. A. A. Holliday and W. H. Holliday, the within named defendants, in person, a true copy of this writ.' This language is almost identical with that of the return held to be insufficient in the case of King v. Good-

---

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

son, 42 Tex. 153, and, on that authority, the service must be held to be bad. In the statement of the sheriff's costs, at the end of the transcript, fees for delivering two citations are charged, but we do not think this cures the defect in the return. The judgment is reversed and the cause remanded."

Perhaps there is no stronger statement of the rule anywhere than by Judge Neill for the Court of Civil Appeals at San Antonio, in the case of Mahan v. McManus (Tex. Civ. App.) 102 S. W. 789. We quote from that opinion as follows:

"Although the name of each follows, it does not appear therefrom, when taken in connection with the preceding language quoted from the return, that a true copy of the citation was delivered to each in person by the officer. This may, perhaps, be inferred, but nothing made essential by statute to the service of a citation should be left to inference in order to sustain a judgment by default. King v. Goodson, 42 Tex. 153; Covington v. Burleson, 28 Tex. 371; Schramm v. Gentry, 64 Tex. 143; Holliday v. Steele, 65 Tex. 388; Graves v. Robertson, 22 Tex. 130; Swilley v. Lumber Co. (Tex. Civ. App.) 46 S. W. 388; Rush v. Davenport (Tex. Civ. App.) 34 S. W. 381; Chamblee v. Hufsmith (Tex. Civ. App.) 44 S. W. 616."

Similar holding are made by the various Courts of Civil Appeals in the following cases: Swilley v. Reliance Lumber Co. (Tex. Civ. App.) 46 S. W. 387; Rush et al. v. Davenport et al. (Tex. Civ. App.) 34 S. W. 380; Chamblee et al. v. Hufsmith et al. (Tex. Civ. App.) 44 S. W. 616; Russell v. Butler (Tex. Civ. App.) 71 S. W. 395; Duke et al. v. Spiller et al., 51 Tex. Civ. App. 237, 111 S. W. 787; Kellam v. Trail (Tex. Civ. App.) 185 S. W. 988.

A careful review of all the cases to which we have referred shows that none involved the construction of a return such as we have in the instant case. Here, we are presented with a return which shows that all the defendants were served in person with a true copy of the citation. Not only so, but it shows that they were served at different hours. It is entirely unreasonable to conclude that but one citation was given to all the defendants, as contended by plaintiff in error. Each defendant was served in person with a copy of the writ and at different hours. We fail to see how it can reasonably be said that only one writ was left for all. Since all were served in person with a copy of the writ at different hours, we think it can only be said that each defendant got a copy of the writ.

None of the cases reviewed by us or by the Court of Civil Appeals in the instant case showed that the defendants were served at different times. This circumstance seems to us quite important. There is the case of Martin v. Hawkins, 238 S. W. 991, by the Court of Civil Appeals at Fort Worth. In

that case, the return was held insufficient, and a writ of error was refused by the Supreme Court. And, it is true that in the Hawkins Case it does appear that the defendants were listed at different times. But the return merely states that a true copy of the citation was delivered to the "within named defendant, ———, in person." In other words, there is no statement by the officer in that return that he delivered the writ to all the defendants.

We think the case at bar is distinguishable from each and every one of the cases relied upon by plaintiff in error. In our view, the Court of Civil Appeals, in disposing of this case, is correct when it says that the return "clearly excludes the inference that all of them may have been served with only one copy of the writ." Where this is true, neither our Supreme Court nor any Court of Civil Appeals has ever held the return insufficient. We submit that no such holding will ever be made because it should not be made.

For the reasons stated, we recommend that the judgments of the district court and Court of Civil Appeals be affirmed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both affirmed, as recommended by the Commission of Appeals.