**E.G. MYLONAS, Appellant,**

v.

**TEXAS COMMERCE BANK–WESTWOOD, Appellee.**

**No. B14–83–263CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 24, 1984.

Michael A. Pullara, Butler & Binion, Houston, for appellant.

D. Mitchell McFarland, Liddell, Sapp, Zivley, Brown & LaBoon, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, E.G. Mylonas, appeals from a default judgment against him and in favor of appellee, Texas Commerce Bank-Westwood, for $162,142.62. The basis for liability was debts allegedly due and owing appellee from corporate defendants and guaranteed by appellant. The district court entered an Interlocutory Default Judgment against Mylonas on June 15, 1981. On January 14, 1983, the judgment was severed and made final. Mylonas did not answer or otherwise appear until after final

judgment at which time he filed postjudgment motions asking the district court to quash the citation and vacate entry of the default judgment, or alternatively, to grant a new trial. The court denied all of these motions and granted appellee's motion to amend a return of service. Appellant appeals from the entry of the default judgment and from the denial of his post judgment motions. We affirm.

Appellant brings three points of error on appeal. In his first point of error, appellant argues that the trial court lacked personal jurisdiction over appellant because appellant was not served in accordance with the court's order for substituted service. Point of error two complains that the court erred in authorizing substituted service because appellee did not show that personal service was impractical as required by Rule 106(b) of the Texas Rules of Civil Procedure. Finally, point of error three claims that the trial court erred in granting appellee's motion to amend the return of service. We disagree with these points of error and affirm.

On May 28, 1980, appellees filed this action seeking to recover debts based on promissory notes guaranteed by appellant. Appellee's Original Petition asserted that appellant could be served process at his residence, 734 Arlington, Houston, Harris County, Texas 77007. The constable's office was unable to serve the citation within 90 days from issuance; therefore, the citation was returned expired and unexecuted.

Appellee then filed a motion for substituted service pursuant to Rule 106(c) asking the trial court to authorize service on any person over age 16 at appellant's "usual place of business which is 5271 Memorial Way # 204 Houston, Harris County, Texas." In support of this motion appellee offered an affidavit by Deputy Constable R. Rivera, who had previously tried to serve appellant.

The pertinent portion of that affidavit reads as follows:

I have personally made five (5) attempts to secure personal service upon Defendant herein, E.G. Mylonas, between August 24, 1980, and September 24, 1980. I have attempted this service at Defendant's residence at 734 Arlington and at Defendant's place of business at 5271 Memorial Way, # 204. I have verified on September 22, 1980, that 5271 Memorial Way, # 204, is Defendant's usual place of business. This verification has come from Defendant's personal secretary. My partner was told that his wife was taking care of him. I was then told on September 24, 1980, by his wife that she and Defendant were separated and he was no longer residing at this address. Accordingly, I have reason to believe, and do believe, that it is impracticable to secure personal service of citation on Defendant herein by delivering to the Defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the Petition attached thereto.

On October 8, 1980, the trial judge entered an order authorizing delivery to "any person above the age of sixteen (16) years of age at the usual place of business of the Defendant [appellant], 5271 Memorial Way, # 204, Harris County, Texas."

This address was not within the area covered by Deputy Constable Rivera; therefore, the citation was turned over to Constable James Cecil Armstrong, who covered the area. Constable Armstrong then attempted to serve the citation at 5271 Memorial Way, # 204. Upon going to Memorial Way, the constable determined that there was no such address as "5271 Memorial Way." Thereafter, on October 16, 1980, without further order of the court, he proceeded to 5271 Memorial *Drive*, which he found was actually appellant's usual place of business. There, he left the citation for appellant with Deborah Wimer, an employee of Certified Engineering, Inc., a corporation of which appellant was a stockholder. On the return of service, the constable wrote that he delivered the citation to "5271 Memorial."

Appellant did not answer or otherwise appear until after final judgment. On February 14, 1983, he filed his Original An-

swer, a Motion to Quash Service of Citation and Vacate Entry of Default Judgment, and Alternative Motion for New Trial.

At a hearing on these motions, Deputy Constable R. Rivera testified that he tried to deliver the citation to appellant's home address. The first attempt was on August 12, 1980 at 6:38 a.m., when he spoke to appellant's wife, who told him appellant was not at home because he was hospitalized in Hermann Hospital. On the August 15, 1980, Rivera returned, and was again told that appellant was not at home. At this time, he left his card with appellant's wife. Mrs. Mylonas, however, was not truthful. Appellant had been hospitalized for five weeks due to a broken leg, but had returned home in mid-July. During the period from July to November, appellant was at his home, basically immobilized.

Rivera made several other attempts to serve appellant. Mrs. Mylonas told the constable that she and appellant were divorced and that he no longer lived at that address.

On August 20, 1980, appellant called Rivera and gave him his business address, "5271 Memorial *Way*, Suite 204." Deputy Rivera made a notation of the address and telephone number on the citation.

At this hearing, appellant admitted that 5271 Memorial Drive was his usual place of business and that he received the citation delivered there.

Following the hearing, the trial judge overruled appellant's motions, and granted appellee's motion to amend the return of service to read "5271 Memorial Drive", and to clarify that the citation was served pursuant to the requirements of Rule 106. Appellant then perfected this appeal.

In his second point of error, appellant alleges that the trial court erred in authorizing substituted service because appellee did not show that personal service was impractical as required by Rule 106(b). We disagree.

■ In order to obtain an order for substituted service, the plaintiff must show that it is impractical to secure personal service by delivery in person or by certified mail. Tex.R.Civ.P. 106; *Harrison v. Dallas Court Reporting College*, 589 S.W.2d 813 (Tex.Civ.App.—Dallas 1970, no writ). Because substituted service is not the preferred method, this rule requires strict compliance. *Stylemark Const., Inc. v. Spies*, 612 S.W.2d 654 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ).

■ Rivera's affidavit showed that he made five attempts to deliver personally the citation to appellant. Further, it states that appellant's wife told Rivera that appellant no longer lived at that address. Rivera also stated that due to injury and hospitalization, appellant was not going to his usual place of business. These facts were sufficient to show that delivery in person was impractical. These facts also infer that service by certified mail was impractical, as well. If appellant no longer resided at his home and was not working, there was no address to which the citation could be mailed where appellant would personally receive it.

Appellee showed that personal service by certified mail was impractical; therefore, the trial court did not err in authorizing substituted service. We overrule point of error two.

In point of error three, appellant claims that the trial court erred in granting appellee's motion to amend the return of service. We disagree.

Rule 118 of the Texas Rules of Civil Procedure provides as follows:

"At any time in its discretion and upon such notice and on such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued."

Tex.R.Civ.P. 118.

Appellant claims that he was prejudiced by the amendment and that this action by the trial court penalized him for exercising his right to a new trial.

The return of service merely shows where the citation was delivered. The constable wrote only "5271 Memorial" as the place of delivery. The trial court amended the return to reflect the actual address to which the constable delivered the citation, 5271 Memorial Drive.

On the citation, the constable wrote that delivery was pursuant to Rule 106. Rule 106 provides for delivery to a person over sixteen years on age at one of several places, one of which is the defendant's usual place of business. The amendment spelled out the fact that these requirements were followed in place of the constable's statement that delivery was pursuant to Rule 106.

■ These amendments did not prejudice appellant. The trial judge did not abuse his discretion in amending the return pursuant to Rule 118. We overrule point of error three.

In point of error one, appellant argues that the trial court lacked personal jurisdiction over appellant because appellant was not served in accordance with the order for substituted service. We disagree.

■ Because the validity of service affects a court's exercise of in personam jurisdiction, a default judgment will be set aside unless there is strict compliance with the statute authorizing service. *Stylemark*, 612 S.W.2d at 656; *Hurd v. Goldsmith*, 600 S.W.2d 345 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ); *Crook v. Teitler*, 584 S.W.2d 356 (Tex.Civ.App.—Tyler 1970, no writ).

This case was decided under Tex.R.Civ.P. 106 prior to the 1981 amendment.[1] At the time of this decision Rule 106 required that:

(1) the plaintiff show that delivery in person is impractical. Tex.R.Civ.P. 106(a),

(2) the plaintiff show that personal service by certified mail is impractical. Tex.R.Civ.P. 106(b),

(3) the plaintiff file a motion asking the court to authorize substituted service, and

(4) that the court, upon finding that personal service is impractical, issue and order for substituted service.

One way in which the court may authorize substituted service is "by the officer leaving a copy of the citation, with petition attached, at the usual place of business of the party to be served." Tex.R.Civ.P. 106(c).

■ We find that appellee strictly complied with this rule. Appellee showed that personal service and service by certified mail were impractical. It filed a motion for substituted service, which the trial judge granted, authorizing service by the constable leaving the citation at appellant's usual place of business. Rule 106 did not require that the trial judge put the proper address of appellant's usual place of business in the order for substituted service. The constable left the citation at appellant's usual place of business, in compliance with the rule.

■ The case of *Sessions v. Price Drilling Company*, 337 S.W.2d 368 (Tex.Civ.App.—Fort Worth 1960, writ ref'd n.r.e.) demonstrates that the statement of the address is not necessary so long as the usual place of business or usual place of abode is the place where the service is made. There, the return of service showed that it was executed "at Dallas, Texas, in the County of Dallas, State of Texas by delivering ... to Mrs. Calley Sessions, mother of defendant at 4512 Fairway, defendants usual place of abode ..." The evidence however showed that 4512 Fairway was actually located in the City of Highland

---

1. The 1981 amendment of Rule 106 added the following provision, which is not applicable in our case:

(b) Upon motion supported by affidavit stating the location of the defendant's usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) [personal service] or (a)(2) [service by certified mail] at the location named in such affidavit but has not been successful, the court may authorize [substitute service].

Park, Dallas County, Texas. The evidence was undisputed that it was defendant's usual place of abode, that City of Highland Park is surrounded by the City of Dallas and that mail sent to appellant was addressed to 4512 Fairway, *Dallas,* Texas. Thus the service was sufficient.

Further, appellant, who gave the constable the wrong address for his usual place of business, is not in a position to complain that the citation was delivered to an address other than the one contained in the court's order. We overrule point of error one.

Accordingly, we affirm the judgment of the trial court.