John **MARTINEZ**, Appellant,

v.

Rex **WILBER**, Appellee.

No. 04–90–00354–CV.

Court of Appeals of Texas,
San Antonio.

June 5, 1991.

---

Richard Tinsman, Bernard Wm. Fisch-man, Tinsman & Houser, Inc., San Antonio, for appellant.

Joe M. Davis, Paul J. Tarski, Dulin, Tar-ski & Davis, Uvalde, for appellee.

1. Wilber filed suit to recover damages and to seek specific performance based on an alleged breach of contract and a violation of the Texas

Before BUTTS, CHAPA and CARR, JJ.

## OPINION

CARR, Justice.

This is a direct appeal by John Martinez, appellant, from a default judgment. We reverse and remand.

The record reflects that Rex Wilber, appellee, filed suit against Superior Pool and Spa, Inc. (Superior) on June 5, 1989, under cause number 06–89–11158–CV.[1] On October 6, 1989, the trial court rendered a default judgment against Superior, which is not part of this appeal.

On October 23, 1989, Wilber filed an amended petition in cause number 06–89–11158–CV, naming as additional parties John Martinez, Kenny O'Kane, and "Home Improvement." In addition to the causes of action originally pleaded, Wilber alleged: (1) that Superior was the alter ego of Martinez and co-defendant O'Kane, and (2) that co-defendant "Home Improvement" was the recipient of fraudulent transfers of property from Superior. On October 23 and 26, 1989, the trial court entered identical orders of severance and docketed the causes of action against Martinez, O'Kane and "Home Improvement" under cause number 06–89–11158A–CV.

On January 31, 1990, the trial judge entered an order in the severed case (cause number 06–89–11158A–CV) authorizing substituted service on Martinez. The court's order for substituted service in cause number 89–11158A–CV provided in material part that the citation be left with

> anyone over the age of 16 years at 8769 Highway 90 West, San Antonio, Bexar County, Texas which is the Defendant's usual place of business or by placing it inside the premises through a door mail chute, or by slipping it under the front door, or by securely affixing it to the front door or main entry of his usual place of business as stated above.

Deceptive Trade Practices Act in connection with a contract to construct a swimming pool and related improvements on his property.

IT IS FURTHER ORDERED that the return of John S. Toscano be endorsed on or attached to the citation, state when and how the citation was served, and be signed by him officially.

(Emphasis added.)

On February 7, 1990, the original citation issued on October 23, 1989, for cause number 06–89–11158–CV, was executed at 87*19* Highway 90 West, by hand delivery to a David Roach. On Martinez's answer date, the trial court heard Wilber's evidence and rendered a default judgment against Martinez in cause number 06–89–11158*A*–CV.

In five points of error, Martinez contends that the trial court erred in entering a default judgment against him. He argues that:

1) the default judgment was rendered prematurely (point of error 1);

2) the citation is defective because it contains the wrong cause number (point of error two);

3) the citation was improperly served (points of error 3 and 4); and

4) there is no evidence to support Wilber's damage award (point of error 5).

█ A default judgment is improper against a defendant who has not been served in strict compliance with the law. *Wilson v. Dunn*, 800 S.W.2d 833, 837 (Tex. 1990); *Investors Diversified Servs., Inc. v. Bruner*, 366 S.W.2d 810, 813 (Tex.Civ.App. —Houston 1963, writ ref'd n.r.e.). While presumptions are ordinarily made in support of a judgment, including presumptions of due service of citation, no such presumptions are made in a direct attack upon a default judgment. *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex.1965).

█ Rule 99(b) of the Texas Rules of Civil Procedure requires that the citation show the file number of the suit in which the defendant is summoned to answer. With an order of severance which specifically establishes a separate cause number, the failure to include that new designation in the citation is a fatal defect. *See Gutierrez v. Cuellar*, 236 S.W. 497, 499 (Tex. Civ.App.—San Antonio 1922, no writ) (file number of suit must appear in body of citation); *Duke v. Spiller*, 51 Tex.Civ.App. 237, 111 S.W. 787, 787 (1908, no writ) (citation which does not comply with requirement that citation state file number of suit is not sufficient to sustain default judgment). Because Martinez's citation had an incorrect file number, which is a fatal defect, the default judgment requires reversal.

█ Wilber argues that Martinez judicially admitted that he was "duly served" in his motion for new trial. We disagree. Martinez never conceded that service was proper. *See Wilson*, 800 S.W.2d at 837 (actual receipt and proper service are distinguishable). Martinez's second point of error is granted. We need not address his remaining points. TEX.R.APP.P. 90(a).

Judgment is reversed and remanded.

BUTTS, Justice, dissenting.

I respectfully dissent.

I do not agree that proper substituted service was not made on Martinez. David Roach, the person served by substituted service, was an employee of Superior Pools & Martinez, and the record shows that Roach was served. The affidavit of the process server, which is attached to the Motion for Substituted Service, without contradiction shows that he had talked with Roach, who is uncontrovertedly established as an employee, at the business location at 8769 Hwy. 90 West, San Antonio, Bexar County, Texas. Martinez was not there at the time, Roach told him. Although the address number is shown in all other places in the record before this court as 87*69*, on the return it is shown as 87*19*. Because the process server attempted futilely to serve Martinez several times, the substituted service order was granted.

TEX.R.CIV.P. 106 provides in pertinent part:

\*  \*  \*  \*  \*  \*

(b) Upon motion supported by affidavit stating *the location of the defendant's usual place of business* or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) *at the location named in such*

*affidavit* but has not been successful, the court may authorize service

(1) by leaving a true copy of the citation, with a copy of the citation attached, with anyone over sixteen years of age *at the location specified in such affidavit,* or

(2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit. (emphasis added)

This situation is similar to that in *Mylonas v. Texas Commerce Bank–Westwood,* 678 S.W.2d 519 (Tex.App.—Houston [14th Dist.] 1984, no writ). There the court stated that Rule 106 does not require that the trial judge put the proper address of appellant's usual place of business in the order for substituted service. The constable left the citation at appellant's usual place of business, in compliance with the rule. *Id.* at 523. In the present case the record shows that the process server left the citation with the employee at appellant's usual place of business. That is all that was required. The purpose of Rule 106 is to give notice to a defendant. That was properly done in this case. Appellant was properly served. In *Mylonas* the trial judge permitted that appellee to amend the citation. The return could have been amended in this case. Further, in his affidavit attached to his motion for new trial, Martinez admitted service:

"I was served with citation by substituted service upon an employee of Home Improvements. The employee mislaid the citation after it was delivered. The citation was discovered on or about March 2, 1990. This was not intentional or conscious indifference."

This is not simply an acknowledgment of "receipt" of the citation. It is a statement that he *was served.* There is a difference. He was properly served. *This is a judicial admission.*

Further, he acknowledged service when he filed an answer (late).