ELLEN HENNESSY ET AL. v. THE SAVINGS AND LOAN COMPANY.

Decided February 7, 1900.

**1. Limitation—Homestead—Acts of Husband.**

Where title to the homestead has been acquired under the ten years statute of limitation, the acts, conduct, and declarations of the husband alone will not be admissible to disturb the title so vested.

**2. Same—Purchase and Holding Under Adverse Title.**

The act of the husband in acknowledging and contracting to purchase under the title of another could not affect the rights of the wife in the land which they occupied as their homestead, and to which they had acquired title by ten years occupancy before such contract by the husband.

**3. Limitation—Pleading.**

A plea which alleges limitation by possession, etc., "for a period of *more* than ten years next before the commencement of this suit," does not restrict the pleader, in his proof, to the ten years immediately preceding the suit.

APPEAL from Galveston. Tried below before Hon. WM. H. STEWART.

*M. E. Kleberg* and *Alexander Sampson*, for appellants.

*S. S. Hanscom*, for appellee.

FISHER, CHIEF JUSTICE.—This is an action by the Savings and Loan Company, in the nature of trespass to try title, against Ellen Hennessy and the interveners John and Mary Lovejoy, to recover a part of a certain lot described in the plaintiff's petition.

Appellants in the court below, among other things, pleaded the ten years statute of limitation. Verdict and judgment in the court below were in favor of the appellee.

There is some evidence in the record which shows that appellant Ellen Hennessy and her husband, P. H. Hennessy, deceased, occupied the premises in controversy as a part of their homestead about twenty-four or twenty-five years prior to the filing of this suit, which was on the 12th day of June, 1897.

On the 10th day of March, 1892, there was a contract made between

the Savings and Loan Company and John P. Hennessy, which was shown by the evidence to be for the use and benefit of J. H. Hennessy, wherein the said Hennessy agreed to purchase from the Savings and Loan Company, the strip of land in controversy, with other lands, and to erect certain improvements on said land, and upon payment therefor, the said loan company was to execute to said Hennessy a warranty deed for the premises. Hennessy, it seems, did not comply with his contract, and the deed therein called for was never executed.

Appellants Lovejoy and wife hold by conveyance under appellant Ellen Hennessy, executed after the pendency of the suit.

The appellants contend that prior to 1892, the time when the above contract was executed by P. H. Hennessy, he and his wife, the appellant Ellen Hennessy, had been in continuous, adverse use and occupation of the strip of land in controversy, as a part of their homestead, for more than ten years. There is much evidence in the record which tends to support this claim.

The only charge given by the court in submitting the case to the jury is as follows: "The jury are instructed that in order to find for the defendants on their plea of limitation of ten years, they must believe from the evidence that the possession of the land in controversy by the defendants has been actual, continued, visible, notorious, distinct, hostile, and adverse; and unless they so believe, they will find in favor of the plaintiff and against the defendants on their plea of limitation."

The defendants requested the court to give to the jury the following charge, which was refused: "If the jury believe from the evidence that P. H. Hennessy, with his wife, Ellen Hennessy, occupied, used, and claimed the land in controversy for ten years before the Savings and Loan Company undertook to sell the same to John P Hennessy for his father, P. H. Hennessy, and that such occupancy continued openly, adversely, peaceably, and notoriously for ten years or more without interruption, and that such use and occupancy of said land was a part of the homestead of the said P. H. Hennessy and his wife Ellen, then you are instructed that said land became a part of the homestead of said P. H. Hennessy and his wife, and that he had no power to sell the same or to waive the homestead rights of his wife therein without her consent given in writing, as required by law; and if you so find, your verdict will be for the defendants."

Under the facts and the law applicable thereto, we think this charge should have been given. Williams v. Rand, 9 Texas Civ. App., 631. If Ellen Hennessy and her husband, ten years prior to the time when P. H. Hennessy in effect acknowledged the title of the Savings and Loan Company, by the written instrument of March, 1892, occupied and used the premises under the circumstances as stated in the refused charge as quoted, their title would be perfect under the ten years statute. The property being used for that length of time as a part of the homestead and the homestead right having attached to it, it could not

be disposed of by the husband without the consent and joinder of the wife, in the manner prescribed by the statute. The acts, conduct, and declarations of the husband, after the property and the homestead right had thus been acquired, would not be admissible in disturbing the title that had already vested.

Appellee contends that in passing upon the plea presenting the ten years statute of limitation we ought not to consider any period of time prior to ten years immediately preceding the filing of suit; because it is contended that the plea alleged that the appellants have been in possession for a period of ten years next before the commencement of the suit; and that the evidence as to possession should be confined to ten years next before the commencement of suit.

We do not think this a proper construction of the plea. The plea uses this language: "Cultivating, using, and enjoying the same for a period of more than ten years next before the commencement of this suit." The word "more" clearly indicates that it was not the intention of the pleader to limit the time of possession to the ten years immediately preceding the filing of suit.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*