BROOCKS et al. v. PHELPS et al.
(No. 1088.)

(Court of Civil Appeals of Texas. Beaumont.
May 19, 1926.)

Adverse possession &⇒50—Letters and admissions of defendant held recognition of plaintiffs' ownership of land, destroying defendant's claim of limitation.

In trespass to try title, wherein defendants claimed title by limitation, letters and admissions of defendant *held* to show that he recognized ownership of land in plaintiffs, who were record owners and thus destroyed his claim of limitation.

Appeal from District Court, San Augustine County; V. H. Stark, Judge.

Action by John H. Broocks and others against J. A. Phelps and others. Judgment for defendants, and plaintiffs appeal. Reversed and rendered for plaintiffs.

W. T. Davis, of San Augustine, for appellants.

Ramsey & Minton, of San Augustine, for appellees.

O'QUINN, J. Appellants sued appellees in trespass to try title to a portion of the William Roberts survey in San Augustine county, Tex. Appellees answered disclaiming all of the land sued for except 60.7 acres, which they claimed by virtue of the ten-year statute of limitation. The case was tried to a jury upon the one special issue of limitation, which the jury answered in favor of appellees, and judgment was accordingly entered, and the case is before us for review on appeal.

At the conclusion of the evidence appellants requested a peremptory instruction in their favor, which was refused. This is assigned as error.

The record title is in appellants. Appellees claim only by the ten-year statute of limitation. As we view the record, the requested instruction should have been given. The record shows that appellees moved on the land in 1906, with the permission of appellant Broocks. Broocks testified that he wrote appellee Phelps telling him that he could go onto the land and look after his (Broocks') interest, and that some time in the future, he (Broocks) would deed him two acres of land. Phelps wrote Broocks the following letters:

"Rebecca, Tex., November 9, 1911.
"Mr. J. H. Broocks, Beaumont, Tex.—Dear Sir and Friend: According to promis, at your suggestion I am sending you field notes for a little plat of ground at Rebecca.
"Beginning at a stake on the line of the right of way on the west side of the G. C. & S. F. R. R. one hundred & twenty-five feet (125) south of the 110 milepost from Beaumont. Thence S. 30 west 200 yds. Thence S. 54

east 100 yds. Thence N. 30 E. 200 yds. Thence N. 30 W. place of beginning.
"I am willing to pay for the land, I want a home while I live and besied payin you I am willing to do you any favor I can. I am going to talk to the people in your behaft.
"You will hear frome again. I am not well. So goodby.          J. A. Phelps."

"Rebecca, Tex., July 20, 1912.
"Mr. J. H. Broocks, Beaumont, Tex.—Dear Sir and Friend: I have waited for you to fill the promis you made me till I have become inpatienc I wanted to to some improvement, but wanted some showing before I done anything. I have here 6 years well, 8 days more will thin the candidates out to one in a hill I don't know how you stand at Chinquapin now. Some are for Collins some for dies (all the anti-socialist) but if I am able to get to the primary you will get one, besides you will have my influence if any I have. I am not flattering you I do or try to just what I promis.
"Very respectfully,
"Your Old Friend,          J. A. Phelps."

Relative to the field notes mentioned in the letters, Phelps testified:

"Mr. Broocks told me that if I would work for him and make his race for Congress that he would give me a little home, and I sent those field notes to him, and after the election I come up on the train with him, and I told him I had done my part of it but he hadn't done his, and he told me to send him the field notes and he would do it, and so I sent him those field notes, and when I saw him again I asked him why he hadn't sent me the deed, and he said, 'I thought you didn't want but an acre or two,' and I said, 'An acre, the devil. Do you think I would put a potato patch and a garden on an acre of ground? I measured out 200 yards from the railroad across to the south boundary line, and then 200 yards down it, which make the east line 200 yards long.' That is what I taken."

In answer to the question, "Did you ever get a letter from Mr. Broocks along about the time or just before you moved down there, about moving down there where the house is now?" he answered:

"I think I did. I won't be positive. I either talker with him or got a letter from him to the effect that if I would look after the business I might move down there, and I moved down there, I dont know whether it was before or after I moved down there. I had something— I don't recall how it came up. I talked or wrote to him one. I don't know which.
"Q. And in pursuance of that you moved down there? A. Yes, sir."

And in answer to this question, "You moved this house down there after you had this understanding with Broocks?" he answered: "Yes, sir."

And to this question, "Did you ever at any time state to him that you were not claiming the 60 acres of land?" he answered: "I reckon I didn't claim it. I don't recall ever telling him so."

---

&⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The letters and admissions of appellee showed recognition by him of ownership of the land in appellants, and thus destroyed his claim of limitation. The court should have given the requested instruction for a peremptory verdict.

The judgment is reversed and here rendered for appellants.