REYES et al. v. FLORES et al.
No. 9082.

Court of Civil Appeals of Texas. San Antonio.
June 7, 1933.
Rehearing Denied Aug. 16, 1933.

W. W. Winslow, M. J. Raymond, and D. M. Valdez, all of Laredo, and John L. Dannelly, of San Antonio, for appellants.

Mann, Neel & Mann, of Laredo, P. W. Minter, of Hebbronville, and Thos. H. Ward, of Laredo, for appellees.

FLY, Chief Justice.

This is an action of trespass to try title to 1,453.45 acres of land, instituted by Cipriano Garza de Reyes and forty others, against Leonardo Flores and one hundred and sixty-four others, all parties bearing dulcet, mellifluous Spanish names. Oil, the source of so much bitter litigation, has, it appears, been the moving cause of strife between these parties, who had for years been living in proximity to each other in peace and amity with each other. The conflict has been waged with intensity, as is somewhat indicated by 443 pages in the transcript of the record and 545 pages in the statement of facts. There are also 65 pages in the brief of one of the appellants, based on 33 propositions; 90 pages in the brief of other appellants, with 11 propositions, and there are 90 pages in the brief of appellees, with 44 counter propositions. The cause was tried with a jury and submitted on 48 special issues, with which they struggled and finally answered. There are, besides the documents named, pleas to change of venue, various cross-actions, interventions, motions for severance, disclaimers, and many amended answers.

■It was alleged in the petition that 22,251.6 acres of land were granted to Pedro Bustamante in 1835. He was married to Micaela Villarreal, who bore him ten children, two of whom died without marriage or issue. Pedro Bustamante died in 1845, survived by his wife, who died in 1872. These allegations were sustained by the proof. On December 10, 1926, a decree of the land in controversy was entered in the district court, and the tracts set apart to the different parties are the same as claimed by appellees in this suit; 10,9167⁄100 acres were allotted in the partition, and it is the same land involved in this suit. It appeared that the land was a part of the grant to Pedro Bustamante, and was claimed as the land belonging to Desidora Bustamante, a daughter of Pedro and Micaela Bustamante. The tracts allotted in the partition were occupied at the time by the parties to whom they were allotted. The decree did not disturb the possession of any of the parties to the partition. Appellants were not parties to the partition suit, and the decree added nothing to the title of appellees as between them and appellants, and of course in no way interfered with or interrupted the period of limitation under which they claim. The decree of partition was duly recorded early in 1927, in the deed records of the county in which the lands were situated. It is with great difficulty that the testimony as to limitations, as applied to the claims of appellees, could be followed, but it suffices to say that those difficulties have been removed by the verdict of the jury.

We do not recognize the potency of the argument that the partition of the lands among the appellees had the effect of interfering with the running of the statutes of limitation, and can see no conceivable grounds for sustaining such a position. If two parties claim a tract of land, one being in possession of one half the land and the other in possession of the other half and they divide the land, each being allotted the part on which he has resided, that could in no way halt, destroy, or impair the adverse holding of each as against the balance of the world. If joint tenants could plead and sustain limitation to land, a division of the property between them could not alter the condition of the title as to others. We have seen no authority sustaining any such doctrine. The possession of each tenant in common inured to the benefit of the others, and would not be affected by a division of the land among the tenants. The facts in the case of Southwestern Lumber Co. v. Allison (Tex. Com. App.) 276 S. W. 418, are radically different from the facts in this case, and it is not intimated in that case that the division of land among claimants, who each had occupied a certain part of the land, would impair or destroy the running of limitation in favor of all of them. No reason could be assigned for such a rule.

Manuel Bustamante executed a deed, as attorney in fact for Desidora Bustamante, Maria Bustamante, Guadalupe Perez, and others, to the land in controversy to Leonard Haynes. That deed purported to convey over 2,000 acres to Haynes.

■ The testimony showed that the appellees had been in possession of the land in controversy for more than ten years, using and enjoying the same adversely to every one. They were in possession of the whole tract jointly for many years, and after the partition decree, in December, 1926, of their allotted shares. The evidence made a plain case of title by limitation, and that was sufficient to entitle appellees to a judgment for the land.

■ The burden rested on appellants to show title in themselves, and this they failed to do, and the court with propriety could have instructed a verdict for appellees. There is no merit in the appeal, and the judgment will be affirmed.

On Motion for Rehearing.

PER CURIAM.

The motion for a rehearing filed herein by appellants, Cipriana Garza de Reyes et al. and Vicente Bustamante et al. is in all things overruled.

Appellants Prudencio Ramos, Ben Guzman,

Emeterio Guzman, Triunfo Gonzalez, and Faustina Mancias have filed a separate motion for a rehearing in which they call to our attention the fact that the appellees Leonardo Flores, Blasa S. de Flores, C. P. Flores, Francisca G. de Flores, and Leonardo G. Flores neither plead nor proved any limitation title to share No. 1 of the Fansler partition.

After checking the many answers filed by the numerous defendants herein, we are of the opinion that these appellants are correct in their contention.

The motion for a rehearing filed by Prudencio Ramos et al. will be granted to the extent that the judgment heretofore rendered by this court and the judgment of the lower court will be reformed, and judgment will be here rendered for these appellants, giving them an undivided one-eighth interest in share No. 1 of the Fansler partition.