**MORAN et al. v. WALLACE.**

No. 11275.

Court of Civil Appeals of Texas.
San Antonio.

April 7, 1943.

Rehearing Denied May 5, 1943.

Joe Burkett, of San Antonio, for appellants.

A. P. Allison, of Kerrville, C. H. Gilmer, of Rocksprings, and Morriss & Morriss, of San Antonio, for appellee.

NORVELL, Justice.

Action of trespass to try title. Appellee recovered judgment under the ten-year statute of limitations. Article 5510, Vernon's Ann.Civ.Stats. All fact findings supported by the evidence must be presumed found by the trial judge in support of the judgment as no jury was empanneled and no express findings requested.

The tract of land involved is situated in Kerr County and contains approximately fourteen acres in the Willhite Survey, which lies immediately north of the Joy Survey and southwest of the North Fork of the Guadalupe River, that is, the particular tract is cut off from the balance of the Willhite by the river. Appellants were the record holders of the title, but it appears that for many years past this fourteen acres has been used and occupied by the owners of the Joy Survey as if it were a part of the Joy.

In 1929 Lee Wallace, the appellee, acquired certain interests in the Joy Survey from the Joy heirs. At that time, according to Wallace, he was informed by Robert Real, the then owner of the Willhite, that the Guadalupe River was the boundary line between the Willhite and the Joy, or was recognized as such. By 1930 Wallace had secured the entire title to that part of the Joy Survey lying southwest of the river, with the exception of a one-twelfth interest belonging to Mrs. Jennie Joy Locke, one of the Joy heirs. Being unable to acquire this interest, Wallace brought partition proceedings which resulted in eight acres in the south part of the Joy being set aside to Mrs. Locke and the balance of the tract being set aside to Wallace. This partition decree was entered in 1934. The present action was filed by Wallace on December 27, 1941.

The evidence establishes beyond doubt, or at least the trial court was justified in concluding that Wallace's use and occupancy of the tract of land in dispute was such as met the requirements of the

ten-year statute since 1930, unless circumstances relating to the Jennie Joy Locke interest prevented a full ten-year period of adverse possession from elapsing.

Although the disputed tract was not in fact part of the Joy Survey, Wallace seems to have regarded it as such and consequently considered that Mrs. Jennie Joy Locke had an undivided interest in the tract under his fence, which included the fourteen acres in the Willhite and all of the Joy southwest of the River. No fence divided the fourteen acres in the Willhite from the lands in the Joy. Prior to the partition, in 1934, according to Wallace, "He (Albert Locke, husband of Jennie Joy Locke) did not live there (upon the lands inclosed within the fence) but his stock ran there, he had a little flock of sheep."

■ Albert Locke testified that he ran no sheep upon the lands enclosed by the fence after 1931. The exact dates are rather indefinite and the trial court may have concluded that Locke had no sheep upon the premises, including the disputed strip, for a period of ten years immediately prior to December 17, 1941. Be that as it may, and assuming that Locke did run sheep upon the premises within the ten years immediately prior to the filing of this action, that fact would not deprive Wallace's possession of the hostility required by the statute. In Carter v. Webb, Tex.Civ.App., 239 S.W. 630, 632, it was said that, "The fact that cattle of the other owners or parties using the land grazed over the entire tract did not render appellant's vendor's possession of his part any less exclusive as to third parties." This authority seems in point, and there can be no doubt as to the hostile and adverse nature of Wallace's possession as against the holder of the record title to the disputed tract. Smith v. Jones, 103 Tex. 632, 636, 132 S.W. 469, 31 L.R.A., N.S., 153; Converse v. Ringer, 6 Tex.Civ. App. 51, 24 S.W. 705; 2 Tex.Jur. 115, § 60. We hold that the evidence supports the trial court's implied findings, which compel the conclusion that Wallace acquired title under the ten-year statute.

■ This holding disposes of the appeal with the exception of appellant's contention that the judgment of the trial court must be reversed because it failed to award Wallace a recovery against appellants as to lands actually within the Joy Survey. Appellee's trial petition described a tract of land embracing a hundred acres, more or less, including fourteen acres in the Willhite, the remainder being in the Joy. Appellants disclaimed all interest in the tract described in the petition with the exception of the fourteen acres in the Willhite, which they described by metes and bounds. The judgment recites appellants' disclaimer and impliedly dismissed from the suit all lands except the fourteen acres in the Willhite, for which judgment was rendered for appellee. Of course, appellee may have been entitled to judgment against appellants upon their disclaimer for lands situated in the Joy and included within the description contained in the petition. Canales v. Clopton, Tex.Civ.App:, 145 S.W.2d 933. We fail to see, however, how or wherein appellants were injured by the trial court's dismissing the lands in the Joy from the action instead of rendering judgment against appellants and in favor of appellee for the lands. The judgment effectively disposes of the subject matter of the suit. Appellants' point is without merit and is overruled.

The judgment appealed from is affirmed.

## On Motion for Rehearing.

Upon rehearing appellants contend that the evidence conclusively shows that some 3.7 acres of the land in controversy lies outside the Wallace fence. It is asserted that the small tract lies between a certain road and the Guadalupe River.

■ We have examined the evidence with reference to appellants' contention now raised and have come to the conclusion that the trial court's implied finding that the 3.7 acre tract lay within a sufficient enclosure formed by fences maintained by Wallace, taken together with natural barriers, such as the Guadalupe River and the cliffs or bluffs thereof. The issue presented was one of fact which was determined adversely to appellants by the trial court. 2 Tex.Jur. 94, § 49, and authorities therein cited.

Appellants' motion for rehearing and additional findings is overruled.