Urbano ANZALDUA et al., Appellants,

v.

Sid W. RICHARDSON, Appellee.

No. 12897.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 25, 1956.

Rehearing Denied Feb. 23, 1956.

Wilson & Wilson, Falfurrias, for appellants.

Rankin, Kilgore & Cherry, Ramiro B. Martinez, Edinburg, for appellee.

POPE, Justice.

Sid Richardson filed this suit in trespass to try title against Urbano and David Anzaldua and others for the recovery of approximately 155 acres of land. Urbano and David Anzaldua answered by way of the ten-year limitation statute, Vernon's Ann.Civ.St. art. 5510. The jury found the limitations issues for the defendants, but the trial court granted plaintiff's motion for judgment non obstante veredicto. Appellants urge that the trial court erred because (1) the plaintiff failed to prove title from the sovereignty, or from common source, or by prior possession and (2) contrary to the trial court's judgment, they, as brothers, could make a joint claim for a ten-year limitation title.

The plaintiff's proof of title commenced by the introduction of the original Spanish grant of the San Salvador del Tule Grant to J. J. Balli, out of which the land in question was carved. He then introduced the final judgment entered in 1930 in a case styled Emily McManus v. Urbano

Anzaldua. That case settled the title to the lands covered by the Spanish Grant, including the lands here involved, and set the 155 acre tract over to Maria Dorotea Anzaldua de Garza. Plaintiff then introduced her deed and the deeds of successive grantees into him. The attack upon the deraignment of title is that there is a century-long gap between the Spanish Grant and the final judgment in 1930. The judgment of the District Court 93rd Judicial District is a complete adjudication of the title from the original grantee to those who owned the San Salvador del Tule Grant in 1930. One of those owners was Maria Dorotea Anzaldua de Garza, who recovered 155 described acres. The judgment is a sufficient link between the original grantee and Maria Dorotea Anzaldua de Garza, one of the parties who recovered the lands here in dispute. Plaintiff proved an unbroken record title from her to him. Plaintiff proved title from the sovereign.

■■ The exact legal question presented by the second point in this case is whether two persons, acting in concert, may enter upon land as trespassers, jointly claim and jointly possess land continuously for the period and in the manner required and still be "exclusive" possessors under the ten-year statute of limitations. Defendants' father possessed the land from about 1920 to 1940, when he died. Urbano and David Anzaldua, brothers, then took possession of the land, fenced and used it continuously under a claim of right and ownership from that time to the present. They paid taxes and all their expenses together and claimed the land together as co-tenants. Under the facts presented, to hold that their claim is not exclusive compels the holding that only one person can mature a limitation title. The language of several cases may be so construed, but the cases must be classified under very different factual situations.

One situation is illustrated by our recent opinion in Vela v. Hester, Tex.Civ. App., 280 S.W.2d 369. This Court there decided that several persons who occupied portions of the same tract, but different unidentified portions at different times could not mature a title. There was no joint possession or joint claim in that case, and none of the several claimants could prove any continuity of possession of a particular part of the land. In the course of our opinion, we stated that the joint possession of two or more persons who are naked trespassers of one tract of land is not the kind of exclusive possession that is required to establish title by the ten-year statute of limitations. The statement is correct as a general rule, as expressed in W. T. Carter & Bro. v. Holmes, Com.App., 131 Tex. 365, 113 S.W.2d 1225. That case, however, presents the situation of one claimant and several possessors. Such a claim is not a true joint claim. Humphreys v. Gribble, Tex.Civ.App., 227 S.W.2d 235; Walker v. Maynard, Tex.Civ.App., 31 S.W. 2d 168. The case of Crumbley v. Busse, 11 Tex.Civ.App. 319, 32 S.W.2d 438, is cited for the point that two persons may not jointly claim. It was a case where the lands claimed were not identified, and also involved the inconsistent claim by a man singly and by the same man with others.

Most of the cases holding that a "joint possession" is insufficient under the real property limitation statutes arise where one person, jointly in possession with another, asserts title to the entire tract, on behalf of himself, as against the true owner. When the adverse occupiers of land are not tenants in common, the possession of one can not be construed as the possession of the other. Let us say that A is the owner of Blackacre. B and C are joint occupiers of the land, but they are not tenants in common. Their possession is joint but their claim is not. B seeks to hold Blackacre under the ten-year statute for himself. He can not rely upon C's possession. The situation, however, is otherwise if B and C are asserting a joint claim as tenants in common, for the possession of one tenant in common is the possession of all.

The situation presented by this case is that of a joint claim and joint possession against all the world. The judgment non

obstante veredicto of the trial court was against Urbano and David Anzaldua on the theory that a joint claim and possession could not be exclusive of the other claimant and possessor. Cities Service Oil Co. v. Green, Tex.Civ.App., 251 S.W.2d 906, citing the cases discussed above, so holds, but we believe it is contrary to many decisions.

Two or more persons may jointly claim and may jointly possess lands without destroying the exclusive nature of their possession. Burleson v. Burleson, 28 Tex. 383, 411, was the first Texas decision which declared that two persons, acting together, could mature a title, saying: "But waiving that point, if the deed were not sufficient to affect a partition of the land, then the possession remained with them as joint tenants or tenants in common, and, so far as limitation of three years is concerned, would be as available as if their joint possession had been severed by a valid deed, and each one had held the possession of his part separately." Peveto v. Herring, Tex.Civ.App., 198 S.W.2d 921, presented the same situation we have in this case, that of two brothers jointly claiming and possessing lands. The court approved such a claim under the ten-year statute. Davis v. Dowlen, Tex.Civ.App., 136 S.W.2d 900, 902, affirmed a judgment upon a verdict which found that each of two persons matured a a claim to an undivided one-half of the lands in dispute. Gribble v. Call, Tex.Civ.App., 123 S.W.2d 711, approved the right of many individuals of an unincorporated association to assert limitations to realty, when they acted in concert in taking and holding possession of property. This Court in Appel v. Childress, 53 Tex.Civ.App. 607, 116 S.W. 129, gave full effect to the joint claim and possession of a man by the name of Kilgore and his brother-in-law by the name of Strait; and in Frey v. Myers, Tex. Civ.App., 113 S.W. 592, 596, this Court held that a woman matured ten-year limitations title to an undivided one-half interest by force of her claim and possession, but that her effort to claim the other half for her brother out of possession failed on the proof, but not because the law would not permit such a claim. The judgment was affirmed in Myers v. Frey, 102 Tex. 527, 119 S.W. 1142. See, also, Terrell v. Martin, 64 Tex. 121; Reyes v. Flores, Tex.Civ. App., 62 S.W.2d 679; 2 Tex.Jur., Adverse Possession, § 39; 2 C.J.S., Adverse Possession, § 52; 2 C.J., Adverse Possession, § 204; 4 Tiffany, Real Property, 3rd Ed., § 1141, p. 423.

It has also been held that a husband and wife may mature a community title by limitations. Hurley v. Lockett, 72 Tex. 262, 12 S.W. 212; Williams v. Nettles, Tex. Civ.App., 56 S.W.2d 321; Williams v. City of Galveston, Tex.Civ.App., 58 S.W. 551; Hennessy v. Savings & Loan Co., 22 Tex. Civ.App. 591, 55 S.W. 124.

The jury finding should be given effect, and the judgment is accordingly reversed and rendered that plaintiff take nothing.