Grace Herndon **PATTEN** et al., Appellants,

v.

Nettie Odum **RODGERS** et vir, et al., Appellees.

No. 7818.

Court of Civil Appeals of Texas.

Texarkana.

Aug. 1, 1967.

Rehearing Denied Sept. 5, 1967.

Will A. Knight, Spruiell, Lowry, Potter, Lasater & Guinn, Tyler, Jerry P. Jones, Thompson, Knight, Wright & Simmons, Dallas, Ben G. Smith, Ft. Worth, Shawnie B. Smith, Edinburgh, John W. Coolidge, Houston, Smith, Hall & Huffman, Marshall, for appellants.

George Glenn Huffman, Marshall, for appellees.

DAVIS, Justice.

A trespass to try title suit. Plaintiffs-appellees, W. E. Odum, et al., (14 plaintiffs) sued defendants-appellants, Grace Herndon Patten, et al., (43 defendants) for title and possession of two tracts of land situated in Harrison County, Texas, claiming under the ten year statute of limitation.

The tracts of land are described as follows:

*FIRST TRACT:*

Being 320 acres, more or less, being the entire B.B.B. & Co. R.R. Co. Survey, Abstract No. 125, Patent No. 150, Volume 14, issued to S. D. Rainey on December 14, 1861, and now appearing of record in Volume 296, Page 546 of the Deed Records of Harrison County,

Texas, to which instrument and its record reference is hereby made for all relevant purposes.

*SECOND TRACT:*

Being 44 acres, more or less, being the entire S. D. Rainey Survey, Abstract No. 614, Patent No. 609, Volume 9, issued to S. D. Rainey on August 9, 1862, and now appearing of record in Volume 296, Page 545 of the Deed Records of Harrison County, Texas, to which instrument and its record reference is hereby made for all relevant purposes.

Appellees allege that they, and those whose title they have and hold, have had and held continuously, peaceable and adverse possession of the lands and tenements described in the petition, cultivating, occupying, using and enjoying the same for more than ten consecutive years after the appellants' cause of action, if any, accrued and before the commencement of this suit.

The case was tried to a jury and only one special issue was submitted. The issue and the jury's answer reads as follows:

### "SPECIAL ISSUE NO. 1

"Do you find from a preponderance of the evidence that the plaintiffs and those under whom they claim, either personally or through tenants, or partly in person and partly through tenants, have had peaceable and adverse possession of the land involved in this suit, cultivating, using and enjoying the same for any consecutive period of ten (10) years or longer between January 5th, 1944 and the filing of this suit on the 11th day of

September, 1962?

"ANSWER 'yes' or 'no'.

"ANSWER: Yes."

Judgment was entered for the appellees. Appellants have perfected their appeal, and bring forward two points of error.

By their first point, they say the trial court erred in failing and refusing to grant their motion for instructed verdict and motion for judgment non obstante veredicto that were filed in the case, because, as a matter of law, the appellees did not mature a limitation title to the 320 acres and 44 acres involved in this suit for the reason that they acknowledged appellants' title during the period of limitation claimed and that possession was, therefore, not hostile as required by law.

The evidence shows that W. E. Odum purchased the land from H. C. Alexander by deed dated January 5, 1944; and that W. E. Odum immediately put a fence around the 320 acres sufficient to keep his cattle enclosed. It also showed that he had farmed anywhere from 15 to 60 acres out of the southeast corner of the tract of land continuously, beginning in 1944, down to date. The evidence shows that Ernest Odum purchased the 44 acre tract, but the deed was made to W. E. Odum to both the tracts of land. The 44 acre tract was deeded by W. E. Odum, et al., to Ernest Odum on April 21, 1950. These tracts of land are located about 9 miles north of Marshall. The 320 acre tract is located on the south side of Little Cypress Creek and the 44 acre tract is located on the north side. Little Cypress Creek is a natural barrier that livestock cannot cross, except in extremely dry weather. The evidence further shows that there were short fences built along Little Cypress Creek to keep cattle enclosed on the 320 acre tract during any extremely dry weather. Broughton et al. v. Humble Oil & Refining Co. et al. (Tex.Civ.App., 1937), 105 S.W.2d 480, error refused. The evidence further shows that Ernest Odum went into possession of the 44 acre tract of land in 1944 and pastured cattle thereon until about 1955, when he sold his dairy business and moved to California. W. E. Odum and Ernest Odum were in the dairy business and they used the land for grazing purposes. W. E. Odum farmed some of the 320 acres, and Ernest Odum pastured the

44 acres. The evidence is a little vague about who fenced the 44 acre tract of land, or whether or not it was fenced at the time of the purchase. Anyway, there is sufficient evidence to show that Ernest Odum and the adjoining landowners kept the fences in good shape so that livestock could not get on or off the same. When Ernest Odum went to California, he turned the land over to his father, who leased the same to Willis Howard.

Now, as to the claim that the appellants admitted title in the record owners. The evidence shows that W. E. Odum executed a mineral deed to Carey M. Abney on March 24, 1950, conveying 60⅔ acres of minerals under the 320 acre tract. The record further shows that W. E. Odum executed a mineral deed to William F. Young on April 4, 1957, conveying an undivided 45½ acres interest in and to the minerals under the two tracts of land. Appellants claim that these minerals are based upon a power of attorney that was executed by Stuart R. Smith et al., the appellants, to Carey M. Abney and William F. Young dated November 28, 1921. In this power of attorney, the appellants conveyed Abney and Young an undivided ½ interest in and to whatever interest they may recover in the two tracts of land. It seems that a suit was filed in the district court of Harrison County, Texas, prior to February 16, 1922, styled J. H. Herndon, executor et al., v. A. Lane Mitchell. Judgment was entered in favor of the plaintiffs to the entire two tracts of land, but in no wise puts any title into Carey M. Abney and William F. Young. Therefore, Carey M. Abney and William F. Young were not made defendants in this suit. The record shows that Carey M. Abney approached W. E. Odum about some minerals and as a result of the conversation he executed to Abney a mineral deed to 60⅔ acres of minerals from under the 320 acre tract. There is nothing in this mineral deed that will recognize any ownership of any of the land by the appellants. At the time of the execution of this mineral deed, the evi-

dence shows that Carey M. Abney told W. E. Odum that if he ever had any trouble with the title to the land that he would be glad to help him. Mr. Abney is a very prominent lawyer in the town of Marshall.

On April 4, 1957, William F. Young approached W. E. Odum for a mineral interest in the land. It was agreed that he would convey to Young 45½ acres of minerals out of both the tracts of land, and it is recited in the mineral deed that Young was conveying to Odum a quitclaim deed conveying any interest that he might claim in and to the surface of the 45½ acres of land and further stating that Odum had not held the possession of the minerals adversely to Young. There is nothing in this transaction whereby appellees admitted any title in the appellants.

Appellants contend that the evidence conclusively showed that the possession of the appellees was not held adversely and hostile to all the world. They rely on 2 T.J.2d 174, Sec. 85; Mhoon v. Cain (1890), 77 Tex. 316, 14 S.W. 24; Broocks et al. v. Phelps et al., Tex.Civ.App. (1926, n.w.h.) 285 S.W. 904; Warren v. Fredericks (1892), 83 Tex. 380, 18 S.W. 750; Houston Oil Company of Texas v. Pullen et al., Com. of App. of Tex. (1925) 272 S.W. 439. These authorities are not in point. Each of these authorities shows that the claimant admitted the ownership in the record title holder.

Let us say again that Abney and Young were not record owners of the property involved. If they had any right to ownership, it should have been noted in the judgment, or they should have had their interest executed to them after the judgment was entered. It seems that effective adverse possession need not be adverse to the world, but only adverse to the record owners. The Supreme Court of Texas so held in 1910 in Smith v. Jones, 103 Tex. 632, 132 S.W. 469, 31 L.R.A.,N.S., 153. See, also, Jefferies v. Benavides et al. (Tex.Civ.App.1949), 220 S.W.2d 712,

W.R.,N.R.E.; Lone Star Steel Company v. Owens, Tex.Civ.App. (1957), 302 S.W.2d 213, W.R.,N.R.E. As to the rule of joint possession by tenants possessors as to the record owner, or adverse possessor, see Arnold v. Jones, Tex.Civ.App. (1957), 304 S.W.2d 400, N.W.H.; Glover v. Pfeuffer, Tex.Civ.App. (1914), 163 S.W. 984, E.R.; and, Moran v. Wallace, Tex.Civ.App. (1943), 171 S.W.2d 149, E.R.,W.O.M.

■ It has been held that the severance of minerals after the commencement of adverse possession, but prior to maturity of title by limitation does not affect the running of limitation. Clements v. Texas Company, Tex.Civ.App. (1925), 273 S.W. 993, E.R.; Houston Oil Company of Texas v. Moss (1955), 155 Tex. 157, 284 S.W.2d 131; Cargill v. Buie, Tex.Civ.App. (1960), 343 S.W.2d 746, E.R.,N.R.E. The appellants do not challenge the sufficiency of the evidence. It seems that when the minerals have been severed from the surface, that no one can actually acquire title to the minerals without the actual possession or the production and use of the same for the statutory period of time. Texas courts have held that the recognition of an outstanding mineral interest of an adverse claimant has no effect upon the hostility of a claim against the record owners. Schwarz v. Smith, Tex.Civ.App. (1959), 325 S.W.2d 407, W.R.,N.R.E., and the authorities cited therein. The point is overruled.

By their point No. 2, appellants say the trial court erred in overruling their objections and exceptions to the court's charge for the reason that the sole Special Issue submitted to the jury was duplicitous and multifarious, since it inquired as to the possession of both tracts of land in one issue.

■ The deed from H. C. Alexander to W. E. Odum was offered in evidence without objection. The evidence shows that W. E. Odum immediately went into possession of the 320 acre tract of land, and that Ernest Odum went into possession of the 44 acre tract. They were father and son. The evidence shows that Ernest Odum actually purchased the 44 acre tract, but, for some reason or other, both tracts were deeded to W. E. Odum. In 1950, W. E. Odum, et al., conveyed the 44 acre tract to Ernest Odum. A person who holds possession of land under a deed, holds all the land within the boundaries of the deed, although he may not be in actual possession of the entire land. 2 Tex.Jur.2d, 303, Sec. 176; Caver v. Liverman (1945), 143 Tex. 359, 185 S.W.2d 417. The rule applies to possession under the 10 year statute of limitation. Temple Lumber Company v. McFarland, Tex.Civ.App. (1924), 264 S.W. 298, E.R.; Bordages et al. v. Stanolind Oil & Gas Company et al., Tex.Civ.App. (1938) 129 S.W.2d 786, Err.Dism., Judgment Correct. Two or more persons may jointly possess land without destroying the exclusive nature of their adverse possession. Anzaldua et al. v. Richardson, Tex. Civ.App. (1956), 287 S.W.2d 299, E.R.,N. R.E.

■ Even if it was error to submit the issue on the two tracts of land in one issue, the evidence is sufficient to support the jury's findings on both tracts of land, and, therefore, the error, if any, is harmless. 3 McDonalds Texas Civil Practice, Page 1167, Sec. 1237. Rule 434 T.R.C.P. The point is overruled.

The judgment of the trial court is affirmed.